UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

BLACK HILLS TRENCHING & BORING LLC,

                Plaintiff,              **MEMORANDUM & ORDER**
                                        25-CV-2202 (EK)(PCG)
        -against-

TILSON TECHNOLOGY MANAGEMENT, INC.,

                Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

      Plaintiff Black Hills Trenching & Boring LLC ("Black Hills") alleges that defendant Tilson Technology Management, Inc. ("Tilson") failed to pay over $1.3 million in invoices for construction work that Black Hills performed pursuant to a Master Construction Services Agreement ("MSA") between the two parties.  Black Hills brings claims for breach of contract, *quantum meruit*, unjust enrichment, and account stated.

      On May 19, 2025, Tilson moved to dismiss this action for lack of personal jurisdiction.  *See* ECF No. 9.  Tilson subsequently filed for bankruptcy, and the case was automatically stayed pending the resolution of the bankruptcy proceedings.  *See* docket order dated June 4, 2025.  The Court lifted the bankruptcy stay on March 25 of this year, *see* docket order dated Mar. 25, 2026, and set a briefing schedule for the motion-to-dismiss opposition and reply.  *See* docket order dated

Mar. 10, 2026 (order setting initial briefing schedule); docket order dated Apr. 20, 2026 (order granting extension of time). But Black Hills never responded to Tilson's motion.

The unopposed motion to dismiss for lack of personal jurisdiction is granted.  "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).  He can make this showing "solely by allegations" or "through his own affidavits and supporting materials."  *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  Black Hills has done neither: the complaint contains no factual allegations supporting personal jurisdiction, and Black Hills has submitted no supporting materials since.

The complaint contains a single, conclusory assertion that "Defendant is subject to this Court's personal jurisdiction with respect to the Action."  Compl. ¶ 2, ECF No. 1.  And the Court is not bound to accept that legal conclusion as true.  *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).

Otherwise, the complaint contains no facts from which personal jurisdiction could be inferred.  The complaint alleges that Tilson is incorporated and has its principal place of

business in Maine.  Compl. ¶ 4.  And the invoices at issue were for work completed in Wyoming and Montana.  *Id.* ¶ 11.  Indeed, the complaint does not contain any factual allegations regarding the State of New York whatsoever.

In its motion to dismiss, Tilson acknowledges one New York contact: "the MSA has a New York governing law provision." *See* Mem. in Supp. of Mot. to Dismiss 6, ECF No. 10; MSA ¶ 26, ECF No. 10-1, at 19.  But a choice-of-law provision "standing alone [is] insufficient to confer jurisdiction." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366–67 (2d Cir. 1986).

Therefore, Tilson's motion to dismiss is granted without prejudice to Black Hills refiling in an appropriate jurisdiction.  The Clerk of Court is respectfully directed to enter judgment for Tilson and to close the case.


SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    June 19, 2026
          Brooklyn, New York

3